**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MATHEW LOUIS GIST, SR.,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 04-CV-0419-CVE-PJC |
| | ) |
| **RANDALL WORKMAN, Warden,** | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is the amended petition for writ of habeas corpus (Dkt. # 14) filed by Petitioner, a state inmate appearing in this matter *pro se*. Respondent has filed a response (Dkt. # 19) to the amended petition and has provided the state court records (Dkt. ## 20, 21, 22, 23) necessary for resolution of Petitioner's claims. Petitioner has filed a reply (Dkt. # 24) to Respondent's response. For the reasons discussed below, the Court finds the amended petition for writ of habeas corpus should be denied.

*BACKGROUND*

On January 16, 2001, Petitioner drove away from a traffic stop and lead police on a chase through multiple road blocks in the Tulsa/Sapulpa area. During the course of the chase, Petitioner rammed a patrol car causing damage in excess of $2,500. Petitioner's two children, aged three and five years old, were on the floorboard of his pickup truck during the chase.

As a result of those events, Petitioner was charged with Running a Road Block (Counts 1-6), Assault and/or Battery with a Dangerous Weapon (Count 7), Attempting to Elude Police Officer (Count 8), Child Abuse/Neglect (Counts 9 and 10), and Malicious Injury to Property Over $2,500 (Count 11), in Creek County District Court, Case No. CF-2001-120. On June 11, 2001, Petitioner entered a negotiated plea of guilty to three (3) counts of Running a Road Block, one count of Assault

and/or Battery With a Dangerous Weapon, one count of Eluding/Attempting to Elude Police Officer, and one count of Malicious Injury to Property Over $2,500, all After Former Conviction of Two or More Felonies. See Dkt. # 20, Exs. A and D. The remaining counts were dismissed. Petitioner then moved to withdraw his guilty pleas. On September 17, 2002, at the conclusion of an evidentiary hearing at which Petitioner appeared *pro se*, the state district court denied the motion to withdraw pleas. Petitioner filed a petition for writ of *certiorari* with the Oklahoma Court of Criminal Appeals ("OCCA"). By order filed June 19, 2003, the OCCA remanded the matter for an additional evidentiary hearing. See Dkt. # 20, Ex. E. On August 13, 2003, the state district court appointed counsel for Petitioner and held an additional evidentiary hearing on Petitioner's motion to withdraw pleas, as directed by the OCCA. See Dkt. # 23. At the conclusion of the hearing, the trial court again denied Petitioner's motion to withdraw pleas. Petitioner filed a second petition for writ of *certiorari* with the OCCA. He identified two (2) propositions of error as follows:

> Proposition 1:  The trial court erred in refusing to grant Mr. Gist's motion to withdraw his plea of guilty because it was not entered knowingly and voluntarily.
>
> Proposition 2:  Reversible error occurred when the trial court accepted Mr. Gist's plea without informing him of the elements of each offense charged.

(Dkt. # 10, Ex. C). By order entered April 19, 2004, in Case No. C 2003-940, the OCCA affirmed the trial court's judgment and denied Petitioner's petition for writ of *certiorari*. See Dkt. # 20, Ex. B. Petitioner has not sought post-conviction relief in the state courts.

On May 18, 2004, Petitioner filed his petition for writ of habeas corpus in this Court (Dkt. # 1). In response to the petition, Respondent filed a motion to dismiss for failure to exhaust state remedies. By Order filed August 3, 2004 (Dkt. # 13), the Court determined that the petition was

subject to dismissal as a "mixed petition." Because Petitioner expressly requested that he be allowed to proceed with only his exhausted claims, see Dkt. # 12, he was afforded the opportunity to file an amended petition to delete the unexhausted claims. See Dkt. # 13. On August 12, 2004, Petitioner filed his amended petition (Dkt. # 14). Petitioner alleges two (2) claims: (1) the trial court erred in refusing to grant Mr. Gist's motion to withdraw his plea of guilty because it was not entered knowingly and voluntarily, and (2) reversible error occurred when the trial court accepted Mr. Gist's plea without informing him of the elements of each offense charged. See Dkt. # 14. In response to the amended petition, Respondent asserts that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 19.

## *ANALYSIS*

### A.    Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the Petitioner meets the exhaustion requirements under the law. Petitioner presented the claims identified in his amended petition to the OCCA in his *certiorari* appeal. As a result, Petitioner has exhausted available state remedies as to those claims.

The Court also finds that an evidentiary hearing is not necessary as Petitioner has not met his burden of proving entitlement to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

**B.     Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). As stated above, the OCCA adjudicated Petitioner's claims on *certiorari* appeal. Thus, the § 2254(d) standard of review governs this Court's review of Petitioner's federally cognizable claims previously adjudicated on the merits by the OCCA.

In both of his grounds of error, Petitioner challenges the voluntariness of his guilty pleas. Clearly established Supreme Court authority requires the trial court, when a defendant enters a guilty plea, to determine whether the defendant is doing so knowingly and voluntarily. See, e.g., Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). Thus, Petitioner will be entitled to habeas corpus relief only if he establishes that the OCCA's adjudication of his claims was contrary to or an unreasonable

4

application of Supreme Court authority addressing guilty pleas. After careful review of the record in this case and for the reasons discussed below, the Court finds Petitioner has failed to demonstrate that the decision of the OCCA was contrary to clearly established federal law as set forth by the Supreme Court or that there was an unreasonable application of Supreme Court law to the facts of this case.

### 1. *Failure to understand sentencing range (ground 1)*

As his first proposition of error challenging the voluntariness of his guilty pleas, Petitioner alleges that when he entered his pleas, he was misled and did not understand the range of punishment he faced. The OCCA rejected Petitioner's claim, finding as follows:

> the only concern is whether the plea was entered knowingly and voluntarily. *Hagar v. State*, 1999 OK CR 35, ¶ 5, 990 P.2d 894, 896; *Fields v. State*, 1996 OK CR 35, ¶ 38, 923 P.2d 624, 631-32.  We find that the trial court properly followed the guidelines of *King v. State*, 1976 OK CR 103, ¶ 11, 553 P.2d 529. We find that Petitioner failed to meet his burden of showing that the plea was entered through inadvertence, ignorance, influence, or without deliberation. *Estell v. State*, 1988 OK CR 287, ¶ 7, 766 P.2d 1380, 1383. We further find that Petitioner failed to properly raise the issue of trial counsel's failure to inform him that some of the sentences required him to serve 85 % of his sentence before becoming eligible for parole in his motion to withdraw plea or the district court hearing on the application to withdraw plea; therefore, the issue is waived. *Fields v. State* 1997 OK CR 53, ¶ 6, 946 P.2d 266, 269, Rule 4.2, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2003). However, upon the record submitted to this Court, none of Petitioner's convictions subject him to serving 85 % of his sentence prior to becoming eligible for parole.

(Dkt. # 20, Ex. B).

Having reviewed the record, the Court finds that the OCCA's rejection of Petitioner's claim challenging the voluntariness of his guilty pleas was neither contrary to, nor involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court held that a guilty plea must be

entered into "knowingly and voluntarily." A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed. Worthen v. Meachum, 842 F.2d 1179, 1182 (10th Cir. 1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), *overruled on other grounds*, Coleman v. Thompson, 501 U.S. 722 (1991). Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. Stinson v. Turner, 473 F.2d 913 (10th Cir. 1973). Although a petitioner's statements made at the guilty plea hearing "are subject to challenge under appropriate circumstances," they constitute "a formidable barrier in any subsequent collateral proceeding." United States v. Maranzino, 860 F.2d 981, 985 (10th Cir. 1988) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)); see also Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995).

In this case, the record clearly indicates that Petitioner's challenge to the voluntariness of his plea based on his failure to understand the sentencing range is without merit. The "Findings of Fact – Acceptance of Plea" form, signed by both Petitioner and the district court judge, reflects that Petitioner was advised of the sentencing range on each count and that his pleas of guilty were knowing, intelligent and voluntary. See Dkt. # 20, Ex. D. Therein, Petitioner acknowledged, by placing his initials "M.G." beside each designated sentencing range, his understanding that he faced a sentencing range of twenty (20) years to life on each count. Id. at ¶ 11. He affirmatively indicated that he had talked over the charges with his attorney, and that his attorney had effectively assisted him in the case. Id. at ¶¶ 16, 17. He acknowledged that there was a plea agreement, that the agreed upon sentence was twenty (20) years in DOC custody, that he was pleading guilty to Counts 4, 5,

6

6, 7, 8, and 11, and that Counts 1, 2, 3, 9, and 10 were to be dismissed. Id. at ¶ 19. In addition, the transcript from the change of plea hearing demonstrates that the trial court judge clearly announced that "the range of punishment on each of them is 20 to life." See Dkt. # 21, Trans. Plea and Sent. at 18. Thus, the record demonstrates that prior to the trial court's acceptance of the plea, Petitioner was informed of the maximum penalty he could face.

The record also reflects that the state district court judge relied on facts which are presumptively correct under 28 U.S.C. § 2254(e)(1) in finding that Petitioner's pleas of guilty were knowingly and voluntarily entered. See Dkt. # 20, Ex. D at ¶ 32(C); Dkt. # 21, Trans. Plea and Sent. at 17. Furthermore, in denying Petitioner's motion to withdraw plea after the remand by the OCCA, the trial court judge found that "Defendant's Amended Application to Withdraw His Plea of Guilty is not well-founded and therefore it is overruled. I particularly find that the defendant's plea was voluntarily and intelligently entered." See Dkt. # 23, Trans. dated August 13, 2003, at 51. As discussed above, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner has failed to rebut the presumption of correctness by clear and convincing evidence.

Petitioner also mentions Oklahoma's "85% law" as a basis for his argument that his pleas were involuntary. See Dkt. # 14. Under Oklahoma law, persons convicted of certain specified crimes must serve at least 85% of any prison sentence before becoming eligible for parole. See Okla. Stat. tit. 21, § 13.1. As indicated above, the OCCA determined that none of Petitioner's convictions subjects him to serving 85 % of his sentence prior to becoming eligible for parole. Even if the rule applied, however, the Sixth Amendment does not encompass those aspects of the prosecution which

7

are collateral. Varela v. Kaiser, 976 F.2d 1357, 1358 (10th Cir. 1992) (holding that counsel's failure to advise alien client that deportation was a possible collateral consequence of guilty plea did not amount to ineffective assistance of counsel). Restrictions on parole eligibility involve "collateral" consequences of a guilty plea. See Holmes v. United States, 876 F.2d 1545, 1549 (11th Cir. 1989); see also Hill v. Lockhart, 731 F.2d 568, 570 (8th Cir. 1984) ("[t]he details of parole eligibility are considered collateral rather than direct consequences of a plea") (citations omitted). Thus, the failure to inform of consequences collateral to a plea, such as the applicability of Oklahoma's 85% requirement, does not render the plea involuntary and does not implicate the Sixth Amendment. See Hill v. Lockhart, 474 U.S. 52, 55 (1985) (holding that a court's failure to inform defendant at plea hearing of his parole eligibility does not offend a federal constitutional right); see also Chrisman v. Mullins, 213 Fed.Appx. 683, 687 (10th Cir. 2007) (unpublished opinion); Perkis v. Sirmons, 201 Fed.Appx. 648, 652 (10th Cir. 2006) (unpublished opinion) (holding that state court's failure to inform petitioner that "he would be ineligible for parole prior to serving 85% of his sentence" was merely a failure to inform petitioner about a collateral consequence of the plea which was insufficient to invalidate a plea agreement).

Petitioner has pointed to no evidence in support of his assertions that he was misled and did not understand the range of punishment he faced. Upon careful review of the record, the Court finds Petitioner has failed to overcome the presumption of correctness afforded the state courts' factual findings underlying the conclusion that his pleas of guilty were voluntarily and knowingly entered. Petitioner has failed to demonstrate entitlement to habeas relief based on the OCCA's adjudication of this claim.  28 U.S.C. § 2254(d).

### *2. Trial court's failure to inform of elements of the offenses*

As his second proposition of error, Petitioner argues that his pleas of guilty were involuntary because he was not informed of the elements of the charged offenses. Specifically, he claims he "never was informed that I was accused of assaulting anyone, I'm a nonviolent pearson [sic] and would not of [sic] pleaded guilty to such a charge." See Dkt. # 14 at 7. The OCCA rejected this claim, finding that "the elements of the criminal charge, together with the possible defenses, is a matter left to the realm of the defense counsel and the trial court is not required to address those matters to have a valid plea of guilty. *May v. State*, 1990 OK CR 14, ¶ 7, 788 P.2d 408, 412. The District Court inquired if Petitioner had discussed everything with his attorney and if he was satisfied, Petitioner replied affirmatively." See Dkt. # 20, Ex. B.

The Court finds Petitioner has failed to demonstrate that the OCCA's rejection of this claim was contrary to or an unreasonable application of federal law as determined by the Supreme Court. First, there is no requirement as a matter of federal constitutional law that a state trial court review the elements of each offense before accepting a voluntary and intelligent guilty plea. United States v. Davis, 929 F.2d 554, 557 (10th Cir. 1991). Furthermore, while a defendant must receive adequate notice of the offense to which he pleads guilty in order for a plea of guilty to be voluntary, the record normally "contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused." Henderson v. Morgan, 426 U.S. 637, 647 (1976) (vacating a conviction on the grounds the plea of guilty was not knowing and voluntary because there was no evidence the defendant understood the intent element of the crime with which he was charged). The Supreme Court further explained that "even without such an express representation, it may be appropriate to presume that in most cases defense counsel

routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." Id.

In this case, evidence in the record contains a representation by defense counsel that he explained the nature of the charged offenses to Petitioner. Thus, the record refutes Petitioner's allegation that he was not informed of the charges against him. As part of the "Findings of Fact – Acceptance of Plea," signed by Petitioner under oath, Petitioner affirmatively indicated that he had received a copy of the Information, read its allegations, understood the crimes with which he was charged, talked over the charges with his lawyer, and that he was satisfied with his lawyer's advice. See Dkt. # 20, Ex. D, ¶¶ 9, 10, 16, and 17.  In addition, Petitioner's attorney executed an affidavit stating that he had read and fully explained to Petitioner the allegations contained in the Information. Id., Addendum "A." Petitioner also signed Addendum "B" reflecting that he understood he was pleading guilty to six (6) counts, including Assault and/or Battery with Dangerous Weapon. Id., Addendum "B."

After careful review of the record, the Court finds Petitioner has failed to provide clear and convincing evidence to rebut the presumption of correctness afforded the state courts' factual findings underlying the conclusion that his pleas of guilty were entered voluntarily. 28 U.S.C. § 2254(e)(1). The Court further finds that Petitioner has failed to demonstrate entitlement to habeas relief based on the OCCA's adjudication of this claim.  28 U.S.C. § 2254(d). His request for habeas corpus relief on this claim shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus, as amended, should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1), as amended (Dkt. # 14), is **denied**. A separate judgment shall be entered in this case.

**DATED** this 27th day of May, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT